UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| SAMIT PATEL, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>SEATTLE GENETICS, INC.,<br>CLAY B. SIEGALL, and<br>TODD E. SIMPSON,<br><br>              Defendants. | Case No. C17-41<br><br>**COMPLAINT — CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

Plaintiff Samit Patel ("Plaintiff"), individually and on behalf of all other persons similarly

situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following

based upon personal knowledge as to himself and his own acts, and information and belief as to

all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys,

which included, among other things, a review of the Defendants' public documents, conference

calls and announcements made by Defendants, United States Securities and Exchange

Commission ("SEC") filings, wire and press releases published by and regarding Seattle Genetics,

Inc. ("Seattle Genetics" or the "Company"), analysts' reports and advisories about the Company,

and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary

COMPLAINT — CLASS ACTION
No. C17-41

- 1 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Seattle Genetics securities between October 27, 2016 and December 23, 2016, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      Seattle Genetics develops and commercializes targeted therapies for the treatment of cancer worldwide. Among the Company's products in development is SGN-CD33A (vadastuximab talirine). Throughout the Class Period, vadastuximab talirine was in clinical trials for various applications, including, in relevant part: (i) a Phase 1/2 clinical trial in patients with acute myeloid leukemia (AML) as a pre-conditioning regimen prior to an allogenic stem cell transplant and as a maintenance therapy following transplant; (ii) a Phase 1 study evaluating vadastuximab talirine monotherapy, including a subset of older AML patients in combination with hypomethylating agents; and (iii) a Phase 1 trial evaluating vadastuximab talirine combination treatment with 7+3 chemotherapy in newly diagnosed younger AML patients.

3.      Seattle Genetics Corporation was founded in 1998 and is headquartered in Bothell, Washington. The Company's shares trade on the Nasdaq Global Market ("NASDAQ") under the ticker symbol "SGEN."

4.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:

COMPLAINT — CLASS ACTION
No. C17-41

- 2 -

(i) vadastuximab talirine presents a significant risk of fatal hepatotoxicity; (ii) as such, Seattle Genetics had overstated the viability of vadastuximab talirine as an AML treatment; and (iii) as a result of the foregoing, Seattle Genetics' public statements were materially false and misleading at all relevant times.

5.      On December 27, 2016, Seattle Genetics issued a press release and filed a Current Report on Form 8-K with the SEC, announcing that the U.S. Food and Drug Administration ("FDA") had placed a clinical hold or partial clinical hold on several early stage trials of the Company's experimental cancer drug, vadastuximab talirine, to evaluate the potential risk of hepatotoxicity. The Company stated, in part:

> The clinical holds were initiated to evaluate the potential risk of hepatotoxicity in patients who were treated with SGN-CD33A and received allogeneic stem cell transplant either before or after treatment. ***Six patients have been identified with hepatotoxicity, including several cases of veno-occlusive disease, with four fatal events.*** Overall, more than 300 patients have been treated with SGN-CD33A in clinical trials across multiple treatment settings. Seattle Genetics is working diligently with the FDA to determine whether there is any association between hepatotoxicity and treatment with SGN-CD33A, to promptly identify appropriate protocol amendments for patient safety and to enable continuation of these trials.

> The phase 1/2 trial of SGN-CD33A monotherapy in pre- and post-allogeneic transplant AML patients has been placed on full clinical hold. Two phase 1 trials have been placed on partial clinical hold (no new enrollment, existing patients may continue treatment with re-consent). These studies are SGN-CD33A monotherapy, including a subset of older AML patients in combination with hypomethylating agents, and SGN-CD33A combination treatment with 7+3 chemotherapy in newly diagnosed younger AML patients. No new studies will be initiated until the clinical holds are lifted.

(Emphasis added.)

COMPLAINT — CLASS ACTION
No. C17-41

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

6. On this news, Seattle Genetics' share price fell $9.50, or 15.36 %, to close at $52.36 on December 27, 2016.

7. Because of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

10. Venue is proper in this judicial district pursuant to §27 of the Exchange Act and 28 U.S.C. §1391(b), as Defendant Seattle Genetics is headquartered within this judicial district.

11. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

12. Plaintiff, as set forth in the attached Certification, acquired Seattle Genetics securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1    13.    Defendant Seattle Genetics is incorporated in Delaware, and the Company's

2  principal executive offices are located at 21823 30th Drive SE, Bothell, Washington, 98021.

3  Seattle Genetics' common stock trades on the NASDAQ under the ticker symbol "SGEN."

4    14.    Defendant Clay B. Seigall ("Seigall") has served at all relevant times as the

5  Company's Chief Executive Officer, Chairman and President.

6    15.    Defendant Todd E. Simpson ("Simpson") has served at all relevant times as the

7  Company's Chief Financial Officer.

8    16.    The Defendants referenced above in ¶¶ 14-15 are sometimes referred to herein as

9  the "Individual Defendants."

10                                  **SUBSTANTIVE ALLEGATIONS**

11                                            **Background**

12    17.    Seattle Genetics develops and commercializes targeted therapies for the treatment

13  of cancer worldwide. Among the Company's products in development is SGN-CD33A

14  (vadastuximab talirine). Throughout the Class Period, vadastuximab talirine was in clinical trials

15  for various applications, including, in relevant part: (i) a Phase 1/2 clinical trial in patients with

16  acute myeloid leukemia (AML) as a pre-conditioning regimen prior to an allogenic stem cell

17  transplant and as a maintenance therapy following transplant; (ii) a Phase 1 study evaluating

18  vadastuximab talirine monotherapy, including a subset of older AML patients in combination with

19  hypomethylating agents; and (iii) a Phase 1 trial evaluating vadastuximab talirine combination

20  treatment with 7+3 chemotherapy in newly diagnosed younger AML patients.

21        **Materially False and Misleading Statements Issued During the Class Period**

22    18.    The Class Period begins on October 27, 2016, when Seattle Genetics issued a press

23  release and filed a Current Report on Form 8-K with the SEC, announcing certain of the

24
COMPLAINT — CLASS ACTION
No. C17-41                                           - 5 -

Company's financial and operating results for the quarter ended September 30, 2016 (the "Q3 2016 8-K"). For the quarter, Seattle Genetics reported a net loss of $31.75 million, or $0.23 per diluted share, on revenue of $106.32 million, compared to a net loss of $26.44 million, or $0.21 per diluted share, on revenue of $84.07 million for the same period in the prior year.

19. In the Q3 2016 8-K, Seattle Genetics touted progress in the Company's early stage trials of vadastuximab talirine as an AML treatment, advising investors that Seattle Genetics would be presenting data at the 59th American Society of Hematology ("ASH") Annual Meeting, billed on the ASH website as "the world's most comprehensive hematology event of the year." The press release stated, in relevant part:

> **Upcoming ASH Presentations:** Data from several ongoing phase 1 trials of vadastuximab talirine will be featured in four oral presentations at the ASH Annual Meeting. Included are data from a phase 1b trial of vadastuximab talirine in combination with cytarabine and daunorubicin ("7+3") for frontline, younger AML patients as well as follow-up data from a phase 1 trial of vadastuximab talirine plus HMAs in older AML patients.

20. On October 27, 2016, Seattle Genetics also filed a Quarterly Report on Form 10-Q with the SEC, reiterating the financial and operating results previously announced in the Q3 2016 8-K and reporting in full the Company's financial and operating results for the quarter ended September 30, 2016 (the "Q3 2016 10-Q").

21. The Q3 2016 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 by the Individual Defendants, stating that the financial information contained in the Q3 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

22. On November 29, 2016, Seattle Genetics issued a press release entitled "Seattle Genetics to Webcast Investor and Analyst Event at American Society of Hematology Annual

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Meeting," again touting to investors the progress of the Company's vadastuximab talirine programs:

> BOTHELL, Wash.--(BUSINESS WIRE)--Nov. 29, 2016-- Seattle Genetics, Inc. (NASDAQ: SGEN) announced today that the company will webcast an investor and analyst event on Monday, December 5, 2016 during the 58th American Society of Hematology (ASH) Annual Meeting in San Diego, CA. Members of the Seattle Genetics management team and industry experts will discuss data being presented at the conference, including from the ADCETRIS® (brentuximab vedotin) and vadastuximab talirine (SGN-CD33A) programs.

23.     On December 3, 2016, Seattle Genetics issued a press release entitled "Seattle Genetics Presents Phase 1b Data from Vadastuximab Talirine (SGN-CD33A; 33A) in Combination with Standard of Care in Frontline Acute Myeloid Leukemia at ASH Annual Meeting." The press release stated, in part:

> SAN DIEGO--(BUSINESS WIRE)--Dec. 3, 2016-- Seattle Genetics, Inc. (NASDAQ: SGEN), a global biotechnology company, today highlighted phase 1b data evaluating vadastuximab talirine (SGN-CD33A; 33A) in combination with the frontline standard of care regimen for induction (cytarabine and daunorubicin, also known as 7+3) for younger patients with newly diagnosed acute myeloid leukemia (AML) in an oral presentation at the 58th American Society of Hematology (ASH) Annual Meeting and Exposition taking place in San Diego, California, December 3-6, 2016. The data were also featured in an ASH press program and selected to be included in the 2017 Highlights of ASH post-meeting program. 33A is an investigational antibody-drug conjugate (ADC) targeted to CD33, a protein which is expressed on leukemic cells in nearly all AML patients.

> "Our clinical trial data reported at ASH demonstrate that adding vadastuximab talirine, also known as 33A, to standard of care treatment results in a rapid, high rate of remissions in frontline, younger AML patients with poor prognosis. Notably, seventy-eight percent of patients who achieved remissions in this trial tested negative for minimal residual disease, which means no cancer could be detected with a sensitive test," said Jonathan Drachman, M.D., Chief Medical Officer and Executive Vice President, Research and Development at Seattle Genetics. "*In this trial, 33A in combination with 7+3 was well-tolerated, with a low early mortality*

COMPLAINT — CLASS ACTION
No. C17-41

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

*rate. Based on these promising, early data, we plan to initiate a randomized phase 2 clinical trial in 2017 in younger newly diagnosed AML patients to further evaluate the potential benefit of adding 33A to standard of care*."

"People with acute myeloid leukemia die of infections or bleeding within weeks or a few months of diagnosis without effective, aggressive chemotherapy. Even with current treatment regimens, fewer than 50% of younger adults are successfully treated. *The phase 1 results of 33A in combination with standard of care show a high rate of remissions in younger newly diagnosed AML patients without significantly adding to the toxicity of the treatment.* Notably, 94 percent of remissions occur with only one cycle of treatment," said Harry P. Erba, M.D., Ph.D., University of Alabama-Birmingham and presenter of the phase 1 data at ASH. "Furthermore, the majority of these patients have no evidence of disease following the 33A combination even using a very sensitive test for residual leukemia (minimal residual disease negative). The rate at which patients become minimal residual disease negative following 33A combination treatment offers encouraging preliminary evidence that 33A in combination with 7+3 could reduce relapse rates and improve long-term outcomes for these patients."

. . .

Data were reported from 42 newly diagnosed AML patients with a median age of 46 years and intermediate or adverse cytogenetic risk of 50 percent and 36 percent, respectively. Seventeen percent of patients had secondary AML. Key findings include:

. . .

- The most common Grade 3 or 4 treatment-emergent adverse events occurring in 20 percent or more of patients were febrile neutropenia, thrombocytopenia, anemia and neutropenia. No non-hematologic treatment-emergent adverse events of Grade 3 or higher were reported in 15 percent or more of patients. *No veno-occlusive disease/sinusoidal obstruction syndrome or significant hepatotoxicity was observed on treatment.*

(Emphases added.)

24.    On December 5, 2016, Seattle Genetics issued a press release, entitled "Seattle Genetics Highlights Phase 1 Vadastuximab Talirine (SGN-CD33A; 33A) Data Presentations,

COMPLAINT — CLASS ACTION
No. C17-41

- 8 -

Including Combination Therapy with HMAs, in Patients with Acute Myeloid Leukemia at ASH

Annual Meeting." The press release stated, in part:

> *– Both Combination and Monotherapy Data Show 33A is Well-Tolerated with Rapid, High Remission Rates for AML Patients in Multiple Phase 1 Trials; Data Highlighted in Three Oral Presentations –*
> *– Addition of 33A to Hypomethylating Agents in Frontline Older AML Results in 73 Percent Remission Rate, with 50 Percent of Those Remissions Negative for Minimal Residual Disease; Data Supportive of Phase 3 CASCADE Study*

> SAN DIEGO--(BUSINESS WIRE)--Dec. 5, 2016-- Seattle Genetics, Inc. (Nasdaq: SGEN), a global biotechnology company, today highlighted three oral data presentations on vadastuximab talirine (SGN-CD33A; 33A) in patients with acute myeloid leukemia (AML) at the 58th American Society of Hematology (ASH) Annual Meeting and Exposition taking place in San Diego, California, December 3-6, 2016. The data included updated results from an ongoing phase 1 clinical trial evaluating 33A in combination with hypomethylating agents (HMAs; azacitidine, decitabine) in frontline older AML patients. Further oral presentations focused on results from phase 1 clinical trials evaluating 33A in three distinct settings, including 1) as monotherapy in newly diagnosed older AML patients, 2) in combination with high-dose cytarabine for younger AML patients in first remission and 3) as monotherapy maintenance for younger AML patients who have completed frontline therapy or after allogeneic stem cell transplant. 33A is an investigational antibody-drug conjugate (ADC) targeted to CD33, a protein which is expressed on leukemic cells in nearly all AML patients.

> . . .

> "*We are pleased with the growing body of data demonstrating that vadastuximab talirine, also known as 33A, has a promising overall tolerability and activity profile in clinical trials for patients with AML*," said Jonathan Drachman, M.D., Chief Medical Officer and Executive Vice President, Research and Development at Seattle Genetics. "We are committed to improving the therapeutic options for AML patients through innovative, targeted approaches. Our most advanced 33A clinical study, CASCADE, is a randomized phase 3 trial designed to test 33A in combination with hypomethylating agents, or HMAs, in approximately 500 older patients with newly diagnosed AML. Based on the encouraging data presented at ASH, *we believe 33A has the potential for clinical development in multiple AML*

COMPLAINT — CLASS ACTION
No. C17-41

- 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

*settings, with the goal of providing new treatment options* for patients struggling with this aggressive and life-threatening disease."

"AML therapy has not meaningfully changed over the past 40 years, and there is a dire need for improved treatment options. Older AML patients have a particularly poor prognosis with the standard of care, hypomethylating agents or HMAs," said Amir Fathi, M.D., Massachusetts General Hospital Cancer Center. "*I am pleased with the balance of activity and tolerability we have observed in phase 1 clinical trials evaluating 33A both as monotherapy and combination therapy in AML patients.* For older patients with newly diagnosed AML, the 73 percent remission rate of 33A in combination with HMAs, with 50 percent of those patients negative for minimal residual disease, signals promise in improving long-term outcomes."

(Emphases added.)

25.     The statements referenced in ¶¶ 18-24 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) vadastuximab talirine presents a significant risk of fatal hepatotoxicity; (ii) as such, Seattle Genetics had overstated the viability of vadastuximab talirine as an AML treatment; and (iii) as a result of the foregoing, Seattle Genetics' public statements were materially false and misleading at all relevant times.

**The Truth Emerges**

26.     On December 27, 2016, Seattle Genetics issued a press release and filed a Current Report on Form 8-K with the SEC, announcing that the FDA had placed a clinical hold or partial clinical hold on several early stage trials of the Company's experimental cancer drug, vadastuximab talirine, to evaluate the potential risk of hepatotoxicity. The Company stated, in part:

The clinical holds were initiated to evaluate the potential risk of hepatotoxicity in patients who were treated with SGN-CD33A and received allogeneic stem cell transplant either before or after treatment. *Six patients have been identified with*

COMPLAINT — CLASS ACTION
No. C17-41

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

*hepatotoxicity, including several cases of veno-occlusive disease, with four fatal events.* Overall, more than 300 patients have been treated with SGN-CD33A in clinical trials across multiple treatment settings. Seattle Genetics is working diligently with the FDA to determine whether there is any association between hepatotoxicity and treatment with SGN-CD33A, to promptly identify appropriate protocol amendments for patient safety and to enable continuation of these trials.

The phase 1/2 trial of SGN-CD33A monotherapy in pre- and post-allogeneic transplant AML patients has been placed on full clinical hold. Two phase 1 trials have been placed on partial clinical hold (no new enrollment, existing patients may continue treatment with re-consent). These studies are SGN-CD33A monotherapy, including a subset of older AML patients in combination with hypomethylating agents, and SGN-CD33A combination treatment with 7+3 chemotherapy in newly diagnosed younger AML patients. No new studies will be initiated until the clinical holds are lifted.

(Emphasis added.)

27.     On this news, Seattle Genetics' share price fell $9.50, or 15.36 %, to close at $52.36 on December 27, 2016.

28.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Seattle Genetics securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate

COMPLAINT — CLASS ACTION
No. C17-41

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1 families and their legal representatives, heirs, successors or assigns and any entity in which

2 Defendants have or had a controlling interest.

3       30.     The members of the Class are so numerous that joinder of all members is

4 impracticable. Throughout the Class Period, Seattle Genetics securities were actively traded on the

5 NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can

6 be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or

7 thousands of members in the proposed Class. Record owners and other members of the Class may

8 be identified from records maintained by Seattle Genetics or its transfer agent and may be notified

9 of the pendency of this action by mail, using the form of notice similar to that customarily used in

10 securities class actions.

11       31.     Plaintiff's claims are typical of the claims of the members of the Class as all

12 members of the Class are similarly affected by Defendants' wrongful conduct in violation of

13 federal law that is complained of herein.

14       32.     Plaintiff will fairly and adequately protect the interests of the members of the Class

15 and has retained counsel competent and experienced in class and securities litigation. Plaintiff has

16 no interests antagonistic to or in conflict with those of the Class.

17       33.     Common questions of law and fact exist as to all members of the Class and

18 predominate over any questions solely affecting individual members of the Class. Among the

19 questions of law and fact common to the Class are:

20           • whether the federal securities laws were violated by Defendants' acts as alleged

21              herein;

22           • whether statements made by Defendants to the investing public during the Class

23              Period misrepresented material facts about the business, operations and

24

COMPLAINT — CLASS ACTION
No. C17-41

- 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

management of Seattle Genetics;

- whether the Individual Defendants caused Seattle Genetics to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Seattle Genetics securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

35.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Seattle Genetics securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

COMPLAINT — CLASS ACTION
No. C17-41

- 13 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Seattle Genetics securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

36.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

37.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in Affiliated Ute Citizens of the State of Utah v. United States, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

**COUNT I**

**Against All Defendants**

**for Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder**

38.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

40.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other

COMPLAINT — CLASS ACTION
No. C17-41

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1   members of the Class; made various untrue statements of material facts and omitted to state

2   material facts necessary in order to make the statements made, in light of the circumstances under

3   which they were made, not misleading; and employed devices, schemes and artifices to defraud in

4   connection with the purchase and sale of securities. Such scheme was intended to, and, throughout

5   the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members,

6   as alleged herein; (ii) artificially inflate and maintain the market price of Seattle Genetics

7   securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire

8   Seattle Genetics securities and options at artificially inflated prices. In furtherance of this unlawful

9   scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth

10   herein.

11          41.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the

12   Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly

13   and annual reports, SEC filings, press releases and other statements and documents described

14   above, including statements made to securities analysts and the media that were designed to

15   influence the market for Seattle Genetics securities. Such reports, filings, releases and statements

16   were materially false and misleading in that they failed to disclose material adverse information

17   and misrepresented the truth about the viability of vadastuximab talirine as an AML treatment.

18          42.     By virtue of their positions at Seattle Genetics, Defendants had actual knowledge

19   of the materially false and misleading statements and material omissions alleged herein and

20   intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative,

21   Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and

22   disclose such facts as would reveal the materially false and misleading nature of the statements

23   made, although such facts were readily available to Defendants. Said acts and omissions of

24

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel  (425) 868-7813 • Fax  (425) 732-3752

1 Defendants were committed willfully or with reckless disregard for the truth. In addition, each

2 Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted

3 as described above.

4       43.     Information showing that Defendants acted knowingly or with reckless disregard

5 for the truth is peculiarly within Defendants' knowledge and control. As the senior managers

6 and/or directors of Seattle Genetics, the Individual Defendants had knowledge of the details of the

7 viability of vadastuximab talirine as an AML treatment.

8       44.     The Individual Defendants are liable both directly and indirectly for the wrongs

9 complained of herein. Because of their positions of control and authority, the Individual

10 Defendants were able to, and did, directly or indirectly, control the content of the statements of

11 Seattle Genetics. As officers and/or directors of a publicly-held company, the Individual

12 Defendants had a duty to disseminate timely, accurate, and truthful information with respect to

13 Seattle Genetics' businesses, operations, future financial condition and future prospects. As a result

14 of the dissemination of the aforementioned false and misleading reports, releases and public

15 statements, the market price of Seattle Genetics securities was artificially inflated throughout the

16 Class Period. In ignorance of the adverse facts concerning Seattle Genetics' business and financial

17 condition which were concealed by Defendants, Plaintiff and the other members of the Class

18 purchased or otherwise acquired Seattle Genetics securities at artificially inflated prices and relied

19 upon the price of the securities, the integrity of the market for the securities and/or upon statements

20 disseminated by Defendants, and were damaged thereby.

21       45.     During the Class Period, Seattle Genetics securities were traded on an active and

22 efficient market. Plaintiff and the other members of the Class, relying on the materially false and

23 misleading statements described herein, which the Defendants made, issued or caused to be

24

COMPLAINT — CLASS ACTION
No. C17-41

- 16 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares

of Seattle Genetics securities at prices artificially inflated by Defendants' wrongful conduct. Had

Plaintiff and the other members of the Class known the truth, they would not have purchased or

otherwise acquired said securities, or would not have purchased or otherwise acquired them at the

inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the

Class, the true value of Seattle Genetics securities was substantially lower than the prices paid by

Plaintiff and the other members of the Class. The market price of Seattle Genetics securities

declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and

Class members.

46.     By reason of the conduct alleged herein, Defendants knowingly or recklessly,

directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5

promulgated thereunder.

47.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the

other members of the Class suffered damages in connection with their respective purchases,

acquisitions and sales of the Company's securities during the Class Period, upon the disclosure

that the Company had been disseminating misrepresented financial statements to the investing

public.

### COUNT II

### Against the Individual Defendants

### for Violations of Section 20(a) of the Exchange Act

48.     Plaintiff repeats and realleges each and every allegation contained in the foregoing

paragraphs as if fully set forth herein.

COMPLAINT — CLASS ACTION
No. C17-41

- 17 -

1    49.    During the Class Period, the Individual Defendants participated in the operation

2    and management of Seattle Genetics, and conducted and participated, directly and indirectly, in

3    the conduct of Seattle Genetics' business affairs. Because of their senior positions, they knew the

4    adverse non-public information about the viability of vadastuximab talirine as an AML treatment.

5    50.    As officers and/or directors of a publicly owned company, the Individual

6    Defendants had a duty to disseminate accurate and truthful information with respect to Seattle

7    Genetics' financial condition and results of operations, and to correct promptly any public

8    statements issued by Seattle Genetics which had become materially false or misleading.

9    51.    Because of their positions of control and authority as senior officers, the Individual

10   Defendants were able to, and did, control the contents of the various reports, press releases and

11   public filings which Seattle Genetics disseminated in the marketplace during the Class Period

12   concerning Seattle Genetics' results of operations. Throughout the Class Period, the Individual

13   Defendants exercised their power and authority to cause Seattle Genetics to engage in the wrongful

14   acts complained of herein. The Individual Defendants therefore, were "controlling persons" of

15   Seattle Genetics within the meaning of Section 20(a) of the Exchange Act. In this capacity, they

16   participated in the unlawful conduct alleged which artificially inflated the market price of Seattle

17   Genetics securities.

18   52.    Each of the Individual Defendants, therefore, acted as a controlling person of

19   Seattle Genetics. By reason of their senior management positions and/or being directors of Seattle

20   Genetics, each of the Individual Defendants had the power to direct the actions of, and exercised

21   the same to cause, Seattle Genetics to engage in the unlawful acts and conduct complained of

22   herein. Each of the Individual Defendants exercised control over the general operations of Seattle

23

24
COMPLAINT — CLASS ACTION
No. C17-41

- 18 -

Genetics and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

53.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Seattle Genetics.

## REQUEST FOR RELIEF

Plaintiff demands judgment against Defendants as follows:

A.     Determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: January 10, 2017                    Respectfully submitted,


                                          s/ _Cliff Cantor_
                                          By: Cliff Cantor, WSBA # 17893
                                          LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
                                          627 208th Ave. SE
                                          Sammamish, WA 98074
                                          Tel:    425-868-7813
                                          Fax:    425-732-3752
                                          Email: cliff.cantor@outlook.com

                                          POMERANTZ LLP
                                          Jeremy A. Lieberman
                                          J. Alexander Hood II

COMPLAINT — CLASS ACTION
No. C17-41
                                  - 19 -

Hui M. Chang
600 Third Ave., 20th Fl.
New York, NY 10016
Tel:    212-661-1100
Fax:    212-661-8665
Email: jalieberman@pomlaw.com
        ahood@pomlaw.com
        hchang@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South La Salle St., Ste. 3505
Chicago, IL 60603
Tel:    312-377-1181
Fax:    312-377-1184
Email: pdahlstrom@pomlaw.com

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
60 East 42nd St., Ste. 4600
New York, NY 10165
Tel:    212-697-6484
Fax:    212-697-7296
Email:  peretz@bgandg.com

Attorneys for Plaintiff

COMPLAINT — CLASS ACTION
No. C17-41

- 20 -